Markham v. Markham.

, And it will, at the same time, secure to the complainant all his legal and constitutional rights to obtain satisfaction of his debt out of the property of the defendant.

MARKHAM vs. MARKHAM.

Where an answer on oath is waived, and affidavits of disinterested witnesses in support of an injunction are annexed to, and filed and served with the bill, the affidavits in support of the answer, and upon which the defendant relies in his application to dissolve the injunction, must either be served upon the complainant's solicitor with the answer, or must be served on him the usual length of time before the making of the motion to dissolve the injunction.

UPON a motion to dissolve an injunction, on bill, answer and affidavits, where an answer on oath was waived, and the charges in the bill were supported by the affidavits of disinterested witnesses, as authorized by the 37th rule;

*A. Taber*, for the defendant, offered to read affidavits, in support of the answer, which affidavits had not been served upon the adverse party with the answer, or otherwise.

*H. M. Collier*, for the complainant, objected that these affidavits could not be read on the motion.

The CHANCELLOR said, that to entitle the defendant to read affidavits in support of his answer, in such a case, he must either file them with his answer, and serve copies thereof upon the solicitor of the adverse party with such answer, or he must serve them with his notice of motion to dissolve the injunction, and must give notice to the complainant's solicitor that they will be read upon the hearing of such motion.